■ K.M. INSURANCE BROKERS et al., Respondents, v INTERNATIONAL INSURANCE COMPANY, Appellant.—Order, Supreme Court, New York County (Carol H. Arber, J.), entered March 27, 1991, which, insofar as appealed from granted plaintiffs' motion for partial summary judgment declaring that defendant is under a duty to defend plaintiffs, unanimously affirmed, with costs.

Plaintiffs herein are insurance brokers who purchased from defendant a policy of "Errors and Omissions" insurance that specifically excluded "any claim or claims arising from or attributable to or based upon any act(s) committed or alleged to have been committed prior to APRIL 20, 1984". Sued by various hospitals and other medical facilities, physicians and attending staff personnel for allegedly failing to procure liability insurance for the years 1984, 1985 and 1986, plaintiffs seek hereby, *inter alia,* a declaration that defendant is under a duty to provide them with a defense. Defendant counters among other things, that the acts forming the basis of the underlying complaint took place prior to April 20, 1984. While the complaint in the underlying action does allege that plaintiffs herein solicited and were even retained by the insureds therein, prior to the effective date of the policy, it cannot be determined from the face of that pleading, nor is there any evidence with respect to when any actual errors and omissions took place, and the failure to obtain the purchased coverage may very well have occurred after April 20, 1984. "[T]he duty of the insurer to defend the insured rests solely on whether the complaint alleges any facts or grounds which bring the action within the protection purchased" *(Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 310). It matters not that additional claims are alleged that fall outside the policy's general coverage or within its exclusory provisions *(supra)* so long as the claims asserted against the insured "may rationally be said to fall within policy coverage, whatever may later prove to be the limits of the insurer's responsibility to pay" *(Schwamb v Fireman's Ins. Co.,* 41 NY2d 947, 949). Concur—Murphy, P. J., Carro, Milonas, Asch and Kassal, JJ.